```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL DOCKET NO. 2004 |
| TRANSOBTURATOR SLING PRODUCTS | * | Case Nos.<br>4:08-CV-5000-CDL |
| LIABILITY LITIGATION | * | Crews v. Mentor Corp.<br>4:09-CV-5044-CDL |
| | * | McNally v. Mentor Corp. |

O R D E R

Plaintiff Anne McNally claims that Defendant Mentor Corporation's product, the ObTape Transobturator Sling ("ObTape"), is defective and that she suffered injuries caused by ObTape. McNally is presently a Phase II Plaintiff in the *Crews v. Mentor Corp.* action, 4:08-cv-5000, which was filed in California and transferred to this MDL proceeding. McNally moves to dismiss her claims in the *Crews* action without prejudice under Federal Rule of Civil Procedure 41(a)(2) (Doc. 109 in 4:08-cv-5000). McNally makes duplicative claims in a separate action against Mentor that was recently filed in the United States District Court for the District of Minnesota. The Judicial Panel on Multidistrict Litigation transferred that action to this Court, where it is pending as Case No. 4:09-cv-5044. Mentor moves to dismiss McNally's Minnesota claims (Doc. 131 in 4:08-md-2004).[1]  For the reasons set forth below, the Court grants McNally's

---

[1] McNally moves to strike Mentor's motion to dismiss as an impermissible sur-reply in opposition to McNally's motion (Doc. 18 in 4:09-cv-5044).  The Court denies the motion to strike and has reviewed Mentor's motion to dismiss and McNally's response to it.

motion to dismiss without prejudice and denies Mentor's motion to dismiss.

## BACKGROUND

McNally is from Georgia, and her ObTape surgery occurred in Georgia. Mentor is a Minnesota corporation with its principal place of business in California. The *Crews* action was filed in California in May of 2008. The parties agree that California has a two-year statute of limitations that would apply to McNally's claims if she remained a plaintiff in the *Crews* action. McNally's ObTape implant date was in 2004, and the ObTape was removed in November 2005, not in 2006 as she incorrectly alleged in the *Crews* Complaint. Mentor summarily raised the statute of limitations as an affirmative defense in its Answer on August 25, 2008, simply stating that the claims are barred by the applicable statute of limitations. (Answer at 10, 2d Affirmative Defense, Aug. 25, 2008.) It is not clear from the present record when McNally's injury occurred, thus triggering the statute of limitations.

McNally does not concede that her California claims are untimely, but she seeks, out of an "abundance of caution," to dismiss her California claims without prejudice so she may pursue the matter in Minnesota, which has a four-year statute of limitations.[2] (Mot.

---

[2] In their briefs, neither party addressed how Minnesota's choice-of-law rules would impact the statute of limitations determination. It appears to the Court that if McNally were permitted to pursue her claims in Minnesota, Minnesota's four-year statute of limitations would apply under Minnesota's choice-of-law rules. *See, e.g., Christian v. Birch*, 763 N.W.2d 50, 58 (Minn. Ct. App. 2009) (noting that under Minnesota law statutes of limitations are procedural unless limitation period is from

2

for Voluntary Dismissal of McNally 2.)  McNally filed the Minnesota action on September 23, 2009.  Mentor opposes McNally's motion to dismiss her California claims and asks the Court to dismiss McNally's second-filed Minnesota claims.  In the alternative, Mentor asks the Court to grant the voluntary dismissal on the condition that McNally cannot assert claims barred by California's two-year statute of limitations.

## DISCUSSION

The decision whether to grant or deny a Rule 41(a)(2) motion to dismiss without prejudice is left to the sound discretion of the district court.  *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (per curiam).  In exercising its discretion, the Court is to "keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants."  *Id.*; *accord McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986).  The parties here agree that in most cases, Rule 41(a)(2) permits a voluntary dismissal without prejudice "unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit."  *Fisher*, 940 F.2d at 1502-03; *accord Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  Legal prejudice exists if the defendant would lose a substantial right by the dismissal.  *Smith*, 263 F.3d at 976; *accord Durham v. Fla. E. Coast. Ry. Co.*, 385 F.2d

---

a specific statute that creates the plaintiff's right to sue and that the law of the forum governs procedural issues).

3

366, 368 (5th Cir. 1967).³  Loss of a valid, proven statute of limitations defense can constitute plain legal prejudice. *E.g., Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989). However, the Eleventh Circuit has held that the loss of a statute of limitations defense, standing alone, does not constitute plain legal prejudice that warrants denial of a Rule 41(a)(2) motion to dismiss. *McCants*, 781 F.2d at 859.

In *McCants*, the plaintiff originally filed her wrongful death lawsuit in Alabama within a year of the events giving rise to the action, but she named the wrong defendant. *Id.* at 856. She sought leave to amend her complaint, but the court instead dismissed the action without prejudice. *Id.* The plaintiff refiled her lawsuit more than a year after the events giving rise to the action. *Id.* The defendant filed a motion for summary judgment arguing that Alabama's one-year general statute of limitations applied instead of Alabama's two-year wrongful death statute of limitations. *Id.* at 857. The plaintiff moved for dismissal without prejudice under Rule 41(a)(2), intending to refile in Mississippi, which had a six-year statute of limitations. *Id.* The Eleventh Circuit assumed without deciding that the Alabama statute of limitations barred the suit as filed but that it could be refiled in Mississippi under that state's statute of limitations. *Id.* at 858. Thus, the issue before the

---

³ In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

Eleventh Circuit in *McCants* was whether a district court abuses its discretion in dismissing without prejudice "an action that is time-barred as brought, where the purpose or effect of such dismissal is to allow the plaintiff to refile the action in a place or manner in which it is not similarly barred." *Id.*  The court held that allowing a dismissal without prejudice under these circumstances is authorized as long as (1) there is no evidence that the plaintiff acted in bad faith in failing to move to amend the complaint and assert the new claim in a timely manner, and (2) the court attaches appropriate conditions to its order dismissing the case. *Id.* at 859-60.  This is so even though "the plaintiff's untimeliness yielded the defendant a potentially great legal advantage . . . that the defendant presumably would not have enjoyed in a subsequent lawsuit on the same facts." *Id.* at 859.

As in *McCants*, dismissal without prejudice here would cause Mentor to lose a potential legal advantage.  However, under *McCants*, loss of a potential statute of limitations defense does not bar a dismissal without prejudice.  *Id.*  There is no evidence that McNally or her counsel acted in bad faith in filing the action in California or in filing it more than two years after McNally's explant date. Therefore, the Court concludes that it may grant McNally's motion for dismissal without prejudice.

The Court must next consider what conditions should be attached to the dismissal.  McNally is a Phase II Plaintiff, and McNally thus

5

contends that Mentor has not been put to considerable expense in preparing to defend her claims.  Nonetheless, the Court finds it appropriate to attach two conditions to its dismissal without prejudice of McNally's California claims.  First, all discovery that has been completed regarding McNally's California claims shall be available for use in McNally's Minnesota action.  Second, Mentor shall be permitted to seek recovery of its costs and legal fees that were incurred in defense of the California action which would not have been necessary for the defense of those same claims in the Minnesota action.  Any request for reimbursement of those fees and expenses shall be filed with the Court within fourteen days of today's Order with accompanying documentary support and explanation as to why those fees and expenses would have been unnecessary.  Any response objecting to the reimbursement request shall be filed within fourteen days of service of the request.

## CONCLUSION

For the reasons set forth above, the Court grants McNally's motion to dismiss without prejudice (Doc. 109), subject to the two conditions established in this Order.  Mentor's Motion to Dismiss McNally's Minnesota claims (Doc. 131) is denied.

IT IS SO ORDERED, this 19th day of January, 2010.

                                      S/Clay D. Land
                                        CLAY D. LAND
                    UNITED STATES DISTRICT JUDGE